Joseph & Norinsberg LLC
Fighting for Employee Justice

Queens Office
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

Manhattan Office
110 East 59th Street, Suite 2300
New York, New York 10022

Newark Office
One Gateway Center, Suite 2600
Newark, New Jersey 07102

Philadelphia Office
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

Boston Office
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

Orlando Office
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**Arjeta Albani, Esq.**
arjeta@employeejustice.com

January 21, 2025

**VIA ECF**
Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 906
New York, N.Y. 10007

Re:   **Saunders v. Cat Rock Caurd, LLC d/b/a Leafology Cannabis Company**
       1:24-Civ. 7121 (MMG) (KHP)

Dear Judge Garnett

Our office represents Plaintiff, *Michael Saunders* ("Plaintiff") in the above referenced ADA matter against Defendant, *Cat Rock Caurd, LLC d/b/a Leafology Cannabis Company* ("Defendant") (collectively the "Parties"). Together with Defendant's counsel, we submit this joint letter and proposed Case Management Plan, in accordance with this Court's January 7, 2025, Order. (Dkt. 13).

This is a case brought under the Americans with Disabilities Act ("ADA"). The Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software, NVDA and maintains that the website's incompatibility with such aids renders it inaccessible to non-sighted individuals.

Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all necessary steps to ensure its Website is in full compliance with the requirements set forth in the ADA, and its implementing regulations  so that the Website is readily accessible to and usable by sight-impaired individuals. Plaintiff further seeks class certification, as well as attorney's fees and costs.

Prior to filing the Complaint, Joseph & Norinsberg, LLC, ADA Compliance Chief

Mitchell Pomerance, conducted a series of accessibility audits utilizing Power Mapper's SortSite program and retained Mr. Robert D. Moody (President, CEO and founder of Forensic Data Services ["FDS"]) who frequently testifies as an expert in the fields of information systems auditing, information security and computer forensics. Based on Moody's evaluation of the Website, and the Sort Site findings as of September 19, 2024, the technical barriers persist and that many of the identified issues directly violate WCAG 2.0 and WCAG 2.1.

   Defendant claims that this case is yet another in the endless stream of cases brought under the ADA (and parallel state and city laws) alleging that a company's website violates the ADA because it is purportedly not accessible to a visually impaired individual.  Defendant's position is that plaintiff is a serial ADA filer (PACER shows that Mr. Saunders has filed 21 cases of this nature in the Southern District, mostly if not completely against marijuana companies), suing companies *en masse* for allegedly inaccessible websites with non-specific, boilerplate allegations.  Defendant believes it is unlikely that plaintiff is a *bona fide* plaintiff with standing to bring the claims asserted, doubts that he has suffered any actual damages, and further disputes that its website poses the accessibility barriers that plaintiff alleges.  Defendant also disputes that the WCAG guidelines cited by plaintiff in his complaint are required for compliance with the cited statutes.  As the Court undoubtedly is aware, the Department of Justice has not promulgated regulations governing accessibility for private websites, and therefore whether a site is accessible is an imprecise inquiry. (The WCAG guidelines referenced by Plaintiff in the complaint are merely private, non-binding guidelines.)  Additionally, defendant contends that even if plaintiff's claims had merit on an individual basis, he cannot meet the Fed. R. Civ. P. 23 standards for certifying this case as a class action.

   At this time, the parties do not contemplate any motions to be filed with the Court, but defendant anticipates making a motion to dismiss for lack of standing after conducting jurisdictional discovery.  Defendant asserts that there are strong reasons to doubt whether plaintiff has standing, and because standing is a threshold issue, defendant proposes that discovery be bifurcated to address this issue before the parties expend effort and money on issues of website accessibility. (Several judges have ordered bifurcated discovery in these cases, including Judges Oetken, Vyskocil, Broderick, and Tarnofsky.)  As an alternative to formal bifurcation, defendant would request that it be permitted to take two depositions of plaintiff (not to exceed seven hours total), with the first focusing on standing and the second, if necessary, focusing on any other issues in the case. (This is the approach that several other judges have taken, including Judges Woods, Cronan, Subramanian, Liman, and Clarke.)

   Additionally, the Parties have conferred on multiple occasions since the Notice of Appearance by Defendant's counsel, David Stein, Esq., was filed on October 13, 2024 (Dkt. 7). During these discussions, the potential resolution of the pending matter has been a central focus. Although we have not yet reached a settlement, there is a reasonable probability that we will be

able to do so in the near future. Accordingly, the parties respectfully request that the Court refer this matter to the Court's Mediation program.

Additionally, the parties consent and respectfully request that the initial case management conference be conducted virtually.

We thank the Court for its time and attention in this matter.

Sincerely,

_____
Arjeta Albani, Esq.
Attorney for Plaintiff
110 East 59th Street, Suite 2300
New York, New York 10022
Tel. No.: (212) 791-5396
Fax No.: (212) 406-6890
Arjeta@employeejustice.com

c.c.
Stein & Nieporent, LLP
David Stein, Esq.
1441 Broadway, Suite 6090
New York, NY 10018
New York, NY 10018
(212) 308-3444